

# The Attorney General of Texas

October 24, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lee Drain
Texas State University System
505 Sam Houston Building
Austin, Texas 78701

Opinion No. MW-76

Re: Coordinating Board approval of construction project for Southwest Texas State University.

Dear Mr. Drain:

You inform us that on January 26, 1977, the Coordinating Board, Texas College and University System, approved construction of Phase II of a Multi-Purpose Building on the campus of Southwest Texas State University. The Coordinating Board gave its approval under section 61.058 of the Education Code which at that time did not authorize it to consider cost of construction projects in giving its approval. See Attorney General Opinion H-762 (1976). Thereafter the legislature amended section 61.058(8)(A) of the Education Code to provide that the Coordinating Board could consider "cost factors and the financial implications" if the total cost of the project exceeded $500,000. The cost of the building exceeds this figure. This amendment became effective approximately seven months after the Coordinating Board approved Phase II. The Commissioner of Higher Education subsequently sent to the colleges and universities a memorandum containing the following language:

> If bids on a project approved by the Coordinating Board exceed cost estimates by more than ten percent or reduce square footage projections by more than ten percent, then the proposed project is subject to another review by the Board.

Bids on the Phase II project have exceeded cost estimates by more than ten percent. Based on these facts, you ask the following question:

> Does the Board of Regents, Texas State University System, have authority to award a construction contract for the Multi-Purpose Building, Phase II, which exceeds cost estimates by more than ten percent, without another review by the Coordinating Board?

p. 231

The memorandum requiring a resubmission of projects when the bids exceed the anticipated cost by more than ten percent is not a rule or regulation of the Coordinating Board. It is merely a part of the application which colleges and universities are required to submit to the Coordinating Board when they seek approval of building projects. It was first used September 2, 1977, more than seven months after the Southwest Texas State University project was approved. While the requirement set out in the application could serve to condition approval granted after September 2, 1977, it does not purport to affect applications approved prior to that time. Since the requirement for resubmission appears only in the application for approval, there is no necessity to determine whether the Board could require projects approved before September 2, 1977, to be presented to it again for additional review. Accordingly, there was no requirement that the Southwest Texas project be resubmitted to the Board.

Even if the Coordinating Board could withdraw its prior approval, it has not done so here. The October 19, 1979, motion to approve the project was defeated by a tie vote. While the tie vote caused the motion to approve to fail, it did not result in a disapproval of the project or a withdrawal of the 1977 approval. Accordingly, the 1977 approval is still effective, and the Board of Regents of the Texas State University System has authority to award a construction project on the basis of the Coordinating Board's 1977 action.

## S U M M A R Y

The Regents of the Texas State University System may award a construction contract based on Coordinating Board approval of the project secured in January, 1977.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
and C. Robert Heath
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks

Bob Gammage
Susan Garrison
Eva Loutzenhiser
Richard Rafes
William G Reid
Bruce Youngblood